

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W.A.Davis, State Registrar
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-2725
Re: Proper county in which to submit record of unregistered birth.

This will acknowledge receipt of your letter of September 9, 1940, requesting the opinion of this Department as to the proper county in which to proceed in the probate court to establish the record of previously unregistered births under the following circumstances:

Certain individuals were born at Encino, Texas now in Brooks County, but which town was at the time of the births in Hidalgo County.

The question is whether Brooks or Hidalgo County is the proper county in which to proceed.

H. B. No. 614, Acts 1939, 46th Leg., p. 346, provides for the registration of births or deaths not previously registered. The procedure to be followed is that a record be submitted to the probate court in the following manner:

"'And provided further, that any citizen of the State of Texas wishing to file the record of any birth or death, not previously registered, may submit to the Probate Court in the county where the birth or death occurred, a record of that birth or death written on the adopted forms of birth and death certificates. The certificate shall be substantiated by the affidavit of the medical attendant present at the time of the birth, or in case of death, the affidavit of the physician last in attendance upon the deceased, or the undertaker who buried the body. When the affidavit of the medical

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"attendant or undertaker cannot be secured, the certificate shall be supported by the affidavit of some person who was acquainted with the facts surrounding the birth or death at the time the birth or death occured, with a second affidavit of some person who is acquainted with the facts surrounding the birth or date, and who is not related to the individual by blood or marriage. The Probate Court shall require such other information or evidence as may be deemed necessary to establish the citizenship of the individual filing the certificate, and the truthfulness of the statements made in that record. The Clerk of the said Court shall forward the certificate to the State Bureau of Vital Statistics with an order from the Court to the State Registrar that the record be, or be not, accepted. The State Registrar is authorized to accept the certificate when verified in the above manner, and shall issue certified copies of such records as provided for in Section 21 of this Act. Such certified copies shall be prima facie evidence in all Courts and places of the facts stated thereon. The State Bureau of Vital Statistics shall furnish the forms upon which such records are filed, and no other form shall be used for that purpose.'" (Underscoring ours)

The purpose of the Legislature, in vesting jurisdiction in the Probate Court of the County in which the birth or death occurred, is to provide for the proceeding to be had in the County where, presumably, evidence is readily available to prove or disprove the allegations of the petitioner. The Act, referring to "the Probate Court of the County where the birth occurred," has in contemplation counties as presently, and not as formerly, constituted. At the time of the birth, it is true, Hidalgo County embraced the place of birth; but Hidalgo County as presently constituted, is not the county "where" or in which the birth occurred.

You are advised that in our opinion the proceedings for registration should be instituted in Brooks County.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (Signed) R. W. Fairchild
Richard W. Fairchild
Assistant

RWF:db
APPROVED OCT 3, 1940

(Signed) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND
APPROVED IN LIMITED CONFERENCE